GEORGE W. SMITH

*v.*

THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK.

1. A party is not entitled to relief in this court, under the act to quiet titles, on the ground of mere irregularity in a municipal assessment for opening a street, adequate relief having been provided at law; nor does equity acquire jurisdiction merely because the lands assessed have been sold under the assessment.

2. A charter provision that the cost of any improvement be laid on the lands benefited, "by a just and equitable assessment," and that any excess be borne by the city at large, is not unconstitutional.

Bill to quiet title. On final hearing on bill and answer.

*Mr. F. W. Stevens,* for complainant.

*Mr. Henry Young,* for defendants.

1

Smith *v.* City of Newark.

THE CHANCELLOR.

The complainant seeks by this suit, brought under the act " to compel the determination of claims to real estate in certain cases and to quiet the title to the same " (*Rev. p.* 1189), to set aside an assessment made against his lands on North Broad street (now Belleville avenue), in the city of Newark, for part of the costs, damages and expenses of regulating, grading, paving, curbing and flagging that street. He also seeks to set aside a sale of the property made by the city under the assessment. The assessment being unpaid, the city, to raise the amount with interest and costs, sold the property, under the charter, and itself became the purchaser for the term of fifty years, as under the charter it was authorized to do; and a certificate of sale was issued accordingly. The bill does not state that the complainant is in peaceable possession of the property; nor does it state that no suit is pending to test or enforce the title claimed by the city. The city has answered, however, and does not allege that these conditions to the maintenance of the suit do not exist, and it does not appear that they do not.

The complainant insists that the act of the legislature under which the assessment was made, and on which it is based, is unconstitutional, because, as he claims, it provides for the assessment of the costs, damages and expenses upon the property benefited, without confining the amount of the assessment to the benefit received. He further insists that, if it be held that the act is not in contravention of the constitution, the proceedings are invalid by reason of irregularity, and he puts his claim to relief on both grounds.

The act (*P. L. 1868 p. 1002*) under which the assessment was made was approved April 15th, 1868, and is entitled " A further supplement to the act entitled 'An act to revise and amend the charter of the city of Newark,' approved March 11th, 1857." It recited that the city had, under the charter, made certain specified improvements (among which was that for which the assessment in question was laid), at

Smith *v.* City of Newark.

considerable cost, but, by reason of defects and informalities in the proceedings, had not been reimbursed therefor, and it enacted that it should be lawful for the common council to appoint five disinterested freeholders commissioners to make an assessment of the whole costs, damages and expenses of the work or improvement upon the owners of the lands benefited or intended to be benefited, according to the principles prescribed for similar cases in the city charter; and that it should be lawful for the commissioners, in case they deemed that any owner of lands had suffered special damage by reason of the defects or informalities which had occurred in the proceedings, to so estimate and declare in their report to the common council, and to state what allowance or deduction, if any, should be made from the assessment laid upon any such owner, in which case such allowance should be charged upon the city at large; and that it should be lawful for the commissioners, in case they deemed it equitable that any portion of the whole costs, damages and expenses of the improvement should be borne by the city at large, to so estimate and declare in their report, and that thereupon they should assess the balance of the whole amount of the costs, damages and expenses upon the owners of the lands benefited, or intended so to be.

By the 109th section of the charter (*P. L. 1857 p. 167*), it is provided that the whole amount of the costs and expenses of regulating, grading and paving any street or section of a street, or grading, graveling, flagging, macadamizing or otherwise improving any street or section of a street, shall be assessed upon the owners of lands and real estate upon the line of the street or section of street, by a just and equitable assessment.

The supplement, as has been seen, provided that the commissioners should, if they thought it proper and equitable, charge part of the costs, damages and expenses upon the city at large, and in such case should assess the balance on the owners of lands and real estate benefited or intended so

to be.    This provision in effect confined the assessment to the amount of benefits.    The legislature obviously intended to modify the application of the principles of assessment in similar cases under the charter, by the express provision that part of the costs, damages and expenses might be charged to the city at large, if it was proper and equitable to do so.    In fact, as appears by the bill, part was charged to the city in this case.    The law is not in contravention of the constitution.    *Village of Passaic* v. *State, 8 Vr. 538.*    It was so held by the supreme court, on full argument and after careful consideration, in a suit in which the constitutionality of the law on this point was assailed.    *State, ex rel. Doyle* v. *Newark, 5 Vr. 236.*

But it is urged by the complainant's counsel that it does not appear by the commissioners' report that the assessment did not exceed the benefits, and therefore the assessment is invalid.    If the act be not unconstitutional, this suit cannot be maintained.    *Jersey City* v. *Lembeck, 4 Stew. 255.*    In the following cases it was held that, for relief against irregularity of proceedings or illegality in tax or assessment cases (except where the proceedings are void, or, if invalid, the invalidity must be shown *dehors* the record), recourse must be had to law : *Jersey City* v. *Lembeck, ubi supra ; M. C. & B. Co.* v. *Jersey City, 1 Beas. 252 ; Holmes* v. *Jersey City, Id. 310 ; Lewis* v. *City of Elizabeth, 10 C. E. Gr. 298 ; Dusenbury* v. *Newark, Id. 295 ; Bogert* v. *City of Elizabeth, Id. 426 ; Liebstein* v. *Newark, 9 C. E. Gr. 200.*

It will not be out of place to add that, by their report, the commissioners certified that the assessment had been made justly and equitably upon the owners of the lands and real estate benefited or intended to be benefited by the improvement, and upon the city at large, in proportion as nearly as might be to the advantage each was deemed to acquire.

The complainant has had an opportunity to obtain relief at law by *certiorari.*    That he has not availed himself of it will not of itself give him any right to relief here.    *Lewis*

v. *City of Elizabeth, ubi supra.* If he has not availed himself of it, he may, if entitled to protection, protect himself against the declaration of sale, by *certiorari.* By the act of 1869 it is provided that the proceedings on which declarations of sale are founded shall not be questioned collaterally, but may at any time be reviewed by *certiorari* in the supreme or circuit courts. (*Rev. p. 758 § 15.*) The legislature has provided for the protection of municipalities against undue loss through errors in imposing assessments. It has given to the law courts power on *certiorari* to inquire into and determine disputed questions of fact, and to reverse or affirm, in whole or only in part, according to the justice of the case. (*Rev. p. 99 § 9.*) And it has given to the supreme court power, on the setting aside or reversal of an assessment by *certiorari,* to appoint commissioners and make a new assessment. And, further, to do justice to the municipality as well as to the land owner, it has provided (*P. L. 1876 p. 20*) for supplying defects or omissions in the returns of assessments or proceedings in tax or assessment cases.

In such a suit as this, under the act to quiet titles, this court has no power to relieve from an assessment upon terms of paying so much as reasonably should have been assessed. The sole question for determination is as to the existence and validity of the interest, estate, right or encumbrance in question.

The fact that there has been a sale of the land under the assessment proceedings will not of itself entitle the complainant to relief in this court. Where the relief sought is to prevent a cloud upon title, it will only be granted where the title or encumbrance against which relief is sought, is absolutely a nullity. If the illegality or irregularity complained of exists *dehors* the record, it may, under our statute, be shown on *certiorari.* If there be a convenient and complete legal remedy, equity will not interfere. It seems to me very clear that recourse to equity on the ground of preventing or removing a cloud upon title in a tax case ought not to be permitted where relief either can or might

have been had at law, except where the title is a nullity.
If recourse cannot be had to equity, before sale, because a
remedy at law exists, it surely ought not to be permitted
after sale, where it has existed and has been neglected or
disregarded, except in the case before mentioned.   To per-
mit it on the ground of removing a cloud on title, where
the remedy at law has been disregarded or neglected, in
any other than the excepted case, is merely to assume, at a
different stage of the proceedings, a jurisdiction which
would not have been exercised before that time—is merely
to declare that this court will not interfere before the
attempt is made to collect the tax, but will do so as soon as
it is made.   The question, however, is settled by the lan-
guage in *Jersey City* v. *Lembeck:* "In the presence, there-
fore, of a convenient and complete legal remedy, there can
be no pretence for an appeal to a court of conscience upon
general principles in order to remove a cloud from the title
of the complainant."

The complainant is not entitled to relief.   The bill will
be dismissed, with costs.